IN THE UNITED STATES DISTRICE COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 5:08-cr-20-DCB-LRA-003

CHARLES McCULLOUGH                                    DEFENDANT

ORDER

This matter is before the Court on Defendant Charles McCullough ("McCullough")'s Motion to Request a Judicial Recommendation. [ECF No. 253]. The United States ("the Government") has filed a Motion to Dismiss. [ECF No. 257]. Having read the Motions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

Defendant McCullough was found guilty of a violation of 18 U.S.C. § 1958, the Use of Interstate Commerce Facilities in the Commission of Murder for Hire. On July 31, 2009, Defendant was sentenced to serve 120-month term of confinement with a three-year term of supervised release. [ECF No. 174]. Petitioner states that his release date is November 28, 2021, approximately sixteen months from the entry of this Order. McCullough now asks the Court to submit a recommendation to the Bureau of Prisons ("BOP") that he

serve the last twelve months of his sentence in a Residential Re-entry Center ("RRC") or halfway house.

## Discussion

The authority to determine a prisoner's place of confinement lies with the BOP. See United States v. Land, No. 1:18-cr-105-LG-RHW-1, 2020 WL 1955262, at *1 (S.D. Miss. Apr. 23, 2020). The Second Chance Act of 2007 ("SCA") provides that,

> The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the [BOP] determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Defendant claims that under subsection (4) of the SCA, this Court can recommend Defendant serve the last twelve (12) months of his sentence at an RRC or halfway house. Defendant

acknowledges that he is merely requesting the Court to provide a non-binding recommendation, not a Reduction in Sentence pursuant to 18 U.S.C. § 3582. [ECF No. 253] at 5. McCullough submits a copy of his BOP education record to demonstrate his educational and vocational achievements while serving his sentence. [ECF No. 253-1]. Also in support of his Motion, McCullough asserts that the SCA's goal of minimizing recidivism would be undercut if McCullough was not permitted to spend the last twelve months of his sentence in an RRC or halfway house. He asserts that, in recent cases, inmates are only provided approximately 4 months of RRC time, which is not enough time "to find a job, housing, save money, and [complete] other necessary tasks after years of imprisonment." [ECF No. 253] at 6.

"Federal district courts across the country are split as to whether a district court can make imprisonment placement recommendations on a Defendant's post-sentencing motion." United States v. Ferguson, No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *2 (D.S.C. Oct. 19, 2018). Some courts have issued recommendations without addressing the jurisdictional issue. Id. Other courts have concluded that they cannot amend or modify the judgment, but that they can "issue a recommendation separate and apart from the judgment." Id. Finally, some courts have concluded that they lack the authority to make recommendations after sentencing. Id. at 3.

This Court agrees with the courts that concluded a "district court may issue a non-binding, strictly advisory recommendation regarding placement without running afoul of the limitations on modifying sentences set out in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35." United States v. Smith, No. 6:15-cr-6-1, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019). However, the Court declines to issue the recommendation that McCullough seeks. The Court finds that the BOP is "in the best position to evaluate the defendant's ability to successfully adjust and re-enter the community, given that Bureau employees have worked directly with defendant and are privy to complete records regarding defendant's progress." Land, 2020 WL 1955262, at *1(quoting United States v. Washington, No. CR.A. 00-256, 2004 WL 764184, at *1 (E.D. La. Apr. 6, 2004)).

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for a Judicial Recommendation [ECF No. 253] is DENIED;

IT IS FURTHER ORDERED that the Government's Motion to Dismiss [ECF No. 257] is DENIED as MOOT.

SO ORDERED, this the 22nd day of July, 2020.

    _/s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE